UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NAUTILUS INSURANCE COMPANY,

                           Plaintiff,

v.                                       **DECISION AND ORDER**
                                                            15-CV-194S

JIRSA CONTRUCTION COMPANY, *et al*,

                           Defendants.

## I. INTRODUCTION

Presently before the Court in this insurance coverage dispute are the parties' cross-motions for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. (Docket Nos. 40, 44, 46.) Plaintiff, Nautilus Insurance Company ("Nautilus"), seeks a judgment declaring that it need not defend and indemnify Defendants, Jirsa Construction Company ("Jirsa"), Burlington Coat Factory of New York, LLC, and Burlington Coat Factory Warehouse of Cheektowaga, Inc. (together, "Burlington") in an underlying litigation. Defendant Jirsa does not oppose the motion. Defendants Burlington and CB Walden Village, LLC ("CB Walden") oppose Nautilus' motion and have cross-moved, seeking a judgment declaring that Nautilus has a duty to defend and indemnify them. For the reasons discussed further below, Nautilus' motion for summary judgment is granted. Burlington and CB Walden's cross-motions are denied.

## II. BACKGROUND[1]

Defendant Jirsa is an Illinois corporation in the construction business. Nautilus is an Ohio-based insurance company, which issued a general commercial liability policy to Jirsa effective during the relevant period. The insurance coverage dispute arises out of litigation pending in the Supreme Court of Erie County, New York, captioned John Green v. CB Walden Village, et. al., index number 809108/14 (the "Underlying Litigation"). (See Docket No. 5-2, Amended Complaint in John Green v. CB Walden Village, et. al. (the "Underlying Complaint").) Plaintiff in the Underlying Litigation (the "Underlying Plaintiff") allegedly sustained "serious and permanent injury" when, on September 29, 2012, he fell from a trailer while working as a construction site laborer for Jirsa. (Id. at ¶ 20.) The incident took place on property owned by CB Walden and located in Cheektowaga, New York. (Id. at ¶ 7.) CB Walden leased the property to Burlington (id. at ¶ 8), which hired Jirsa as the general contractor for a construction project (id. at ¶ 10). There is no dispute that the Underlying Plaintiff was engaged in construction work for Jirsa at the time of the alleged incident, nor that the alleged incident occurred in New York.

Jirsa, Burlington, and CB Walden tendered the Underlying Litigation to Nautilus, seeking defense and indemnification for the claims asserted therein under the general

---

[1] The facts in this case are almost entirely undisputed; they are derived principally from the parties' Local Rule 56 Statements, the parties' declarations and exhibits attached thereto, and the pleadings from this action and the Underlying Litigation. Nautilus moved to strike the attorney affidavits submitted by Burlington and CB Walden on the grounds that they contain improper legal arguments rather than facts. (Docket No. 47.) Counsel is reminded that "declarations of counsel are generally properly used only to describe the documents attached to them as exhibits for the Court's consideration, [ ] not to advance factual averments or legal arguments." Clark v. Kitt, No. 12-CV-8061 CS, 2014 WL 4054284, at *7 (S.D.N.Y. Aug. 15, 2014), aff'd, 619 F. App'x 34 (2d Cir. 2015). Nevertheless, the Motion to Strike is denied. This Court has, in its discretion, considered all facts properly submitted as well as all legal arguments made by the parties. Britt v. Buffalo Mun. Hous. Auth., No. 06-CV-0057S(SR), 2008 WL 4501929, at *1 (W.D.N.Y. Sept. 30, 2008) ("A motion to strike is committed to the Court's discretion.").

commercial liability policy issued to Jirsa and in effect during the relevant period (the "Policy"). (Docket No. 5 at ¶¶ 20-26.) The Policy provides commercial general liability coverage, with certain exclusions. The Policy states:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Docket No. 1-2 at 12.) The Policy contains a "Designated Ongoing Operations" exclusion, which limits coverage for occurrences in New York state:

> This insurance does not apply to "bodily injury" or "property damage" arising out of [operations in the state of New York], regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

(Id. at 32.) The terms "You" and "your," as used throughout the Policy, "refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named insured." (Id. at 12.) It is not disputed that Jirsa is the only named insured on the Policy.

Although Jirsa is the only named insured, the Policy extends coverage to additional insured parties for:

> any person or organization when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury" . . . caused, in whole or in part, by your acts or omissions, or the acts of those acting on your behalf:
>
> 1. In the performance of your ongoing operations for the additional insured . . . But only for: . . .
>
> 2. "Occurrences" or coverages not otherwise excluded in the policy to which this endorsement applies.

3

(Id. at 58.)[2]

CB Walden has submitted an agreement between Jirsa and Burlington (the "Agreement"), wherein Jirsa agrees to provide insurance coverage to Burlington as an additional insured. (See Docket No. 45-1.) The Agreement states, under the heading "Name Owner and Landlord as Additional Insured":

> The General Liability coverage shall include Owner as an Additional Insured . . . Contractors shall also procure and maintain such additional types and minimum limits of insurance as the landlord may require of Owner under the Contract Documents between the Landlord and Owner and/or as Owner may require of Contractor hereunder.

(Docket No. 45-1 at 29.) "Owner" is defined as Burlington Coat Factory of New York LLC. (Docket No. 45-1 at 2.) "Landlord" does not appear to be defined, nor is CB Walden party to the Agreement.

### III. LEGAL STANDARDS

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A dispute regarding a material fact is genuine 'if the evidence is

---

[2] The Policy does not appear to have a choice of law clause. Nautilus has asserted that Illinois law applies because the Policy was procured and issued in Illinois to an Illinois-based company. No party has argued, nor has this Court found, that there is a substantive difference in the way in which New York and Illinois law applies to the legal standards at issue. Accordingly, because no conflict exists, this Court will apply the law of the forum. See Globalnet Financial.com, Inc. v. Frank Crystal & Co., 449 F.3d 377, 382 (2d Cir. 2006).

such that a reasonable jury could return a verdict for the nonmoving party.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2003) cert. denied, 540 U.S. 811 (2003) (quoting Anderson, 477 U.S. at 248). When a dispute hinges on contract interpretation, "summary judgment may be granted when [the contract's] words convey a definite and precise meaning absent any ambiguity." Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992). "The matter of whether the contract is ambiguous is a question of law for the court." Law Debenture Trust Co. v. Maverick Tube Corp., 595 F.3d 458, 465 (2d Cir. 2010) (collecting cases).

Where, as here, multiple parties move for summary judgment, "each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't, 249 F.3d 115, 121 (2d Cir. 2001).

## IV. DISCUSSION

Nautilus seeks a declaratory judgment denying coverage related to the Underlying Litigation on the ground that the ongoing operations of Jirsa through which the Underlying Plaintiff was injured are specifically excluded under the Policy's "Designated Ongoing Operations" exclusion.[3] Nautilus further argues that, as an additional insured, Burlington is also excluded because the Policy extends liability coverage to additional insured parties only for incidents that are "not otherwise excluded" under the Policy.[4] Burlington and CB Walden argue that the exclusion does

---

[3] "There is no dispute that parties to an insurance contract—the issuer, a named insured or a person claiming to be an insured under the policy—may bring a declaratory judgment action against each other when an actual controversy develops concerning the extent of coverage, the duty to defend, or other issues arising from the insurance contract." Lang v. Hanover Ins. Co., 3 N.Y.3d 350, 353, 820 N.E.2d 855, 857 (N.Y. 2004).

[4] Nautilus did not move for summary judgment against CB Walden. However, CB Walden opposed Nautilus' motion and cross-moved for declaratory judgment.

not apply to them as additional insured parties or, in the alternative, that the language is ambiguous, and seek a declaratory judgment that they are covered under the Policy.

"Under New York law, '[a]mbiguity exists where the terms of an insurance contract could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement.'" U.S. Specialty Ins. Co. v. LeBeau, Inc., 847 F. Supp. 2d 500, 503 (W.D.N.Y. 2012) (quoting 40 Gardenville, LLC v. Travelers Prop. Cas. of America, 387 F. Supp. 2d 205, 212 (W.D.N.Y. 2005)). Ambiguities in insurance coverage are to "be resolved in favor of the insured and against the insurer." Brabender v. Northern Assurance Co. of America, 65 F.3d 269, 273 (2d Cir. 1995); Handelsman v. Sea Ins. Co., Ltd., 85 N.Y.2d 96, 101, 623 N.Y.S.2d 750, 647 N.E.2d 1258 (N.Y. 1994). "However, parties cannot create ambiguity from whole cloth where none exists, because provisions are not ambiguous merely because the parties interpret them differently." Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 25 N.Y.3d 675, 680, 37 N.E.3d 78, 80-81 (N.Y. 2015) (internal quotation marks omitted).

**A.    Extent of Coverage**

   1.   Jirsa is Excluded from Coverage

Jirsa did not oppose Nautilus' motion for summary judgment. Further, Nautilus, Burlington, and CB Walden all agree that Jirsa is not eligible for coverage under the terms of the Policy. In its Statement of Undisputed Facts, Nautilus states:

> Because the Policy excludes coverage for "bodily injury" arising out of the ongoing operations in New York, regardless of whether such operations were performed by Jirsa or on Jirsa's behalf or whether the operations were performed for Jirsa or for others, Nautilus has no duty to defend or indemnify Jirsa in the Underlying Lawsuit.

(See Docket Nos. 40-1 at ¶ 17.) In their responses, both CB Walden and Burlington admit this as an undisputed fact. (See Docket Nos. 44-1 at ¶ 17, 46-1 at ¶ 17.)

Having reviewed the terms of the Policy, this Court finds that there is no ambiguity in the Designated Ongoing Operations exclusion that would allow coverage for Jirsa. "The term 'ongoing operations' is interpreted broadly in New York." Town of Fort Ann v. Liberty Mut. Ins. Co., 69 A.D.3d 1261, 1262, 893 N.Y.S.2d 682 (3d Dep't 2010); see also Wausau Underwriters Ins. Co. v. Cincinnati Ins. Co., 198 F. App'x 148, 150 (2d Cir. 2006) (rejecting narrow definition of "ongoing operations" in insurance coverage dispute). New York courts construe the term "arising out of" to simply require "some causal relationship between the injury and the risk for which coverage is provided." See, e.g., Regal Const. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 15 N.Y.3d 34, 38, 930 N.E.2d 259 (N.Y. 2010) ("We have interpreted the phrase 'arising out of' in an additional insured clause to mean 'originating from, incident to, or having connection with.'"). "Where the terms of an insurance policy are clear and unambiguous, they should be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement." Tufo's Wholesale Dairy, Inc. v. CNA Fin. Corp., No. 03-cv-10175, 2005 WL 756884, at *3 (S.D.N.Y. Apr. 4, 2005) (citation and quotation omitted). There is no dispute that the Underlying Plaintiff's injuries arose from Jirsa's ongoing operations in New York state. Accordingly, this Court finds that the claims against Jirsa in the Underlying Litigation are excluded from coverage by the Designated Ongoing Operations exclusion.

2. CB Walden Is Not an Additional Insured Party

CB Walden asserts that it is entitled to coverage under the Policy as an

additional insured party. As "[t]he party claiming insurance coverage[,] [CB Walden] bears the burden of proving entitlement . . . and is not entitled to coverage if not named as an additional insured on the face of the policy." Nat'l Abatement Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 33 A.D.3d 570, 570-71, 824 N.Y.S.2d 230, 232 (1st Dep't 2006) (citations omitted). In support of its motion, CB Walden relies on the Agreement between Jirsa and Burlington, to which CB Walden is not a party. The Agreement states that Jirsa "shall also procure and maintain such additional types and minimum limits of insurance as the landlord may require of Owner under the Contract Documents between the Landlord and Owner and/or as Owner may require of Contractor hereunder." (Docket No. 45-1 at 29.)

The Policy states that a party will be considered an additional insured "when [Jirsa] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured." (Docket No. 1-2 at 58.) New York courts have interpreted similar additional insured provisions as requiring contractual privity between the insured and each organization seeking coverage as an additional insured under the relevant policy. See AB Green Gansevoort, LLC v. Peter Scalamandre & Sons, Inc., 102 A.D.3d 425, 426, 961 N.Y.S.2d 3 (1st Dep't 2013) (interpreting similar language as requiring "a written agreement between the insured and the organization seeking coverage to add that organization as an additional insured"); Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC, No. 10-CV-35 (RJA), 2014 WL 3748545, at *7 (W.D.N.Y. July 29, 2014) (finding similar language "clearly and unambiguously requires that the named insured execute a contract with the party seeking coverage as an additional insured"). There is no

8

evidence of a written agreement or contract between CB Walden and Jirsa. Therefore, by the plain terms of the Policy, CB Walden lacks privity of contract with Jirsa and is not covered as an additional insured party.

This is so despite the fact that CB Walden is alluded to in the Agreement as Burlington's "Landlord." Indeed, even if CB Walden were expressly named as a third-party beneficiary in Jirsa and Burlington's Agreement, New York courts have found such terms insufficient to confer coverage under similar additional insured provisions. See Linarello v. City Univ. of New York, 6 A.D.3d 192, 195, 774 N.Y.S.2d 517, 520 (1st Dep't 2004) (finding that even if construction manager were third-party beneficiary of contracts requiring that it be named as additional insured on subcontractors' insurance policy, "that would simply mean that [construction manager] has standing to sue" subcontractors for failing to procure insurance as promised). Accordingly, CB Walden is not an additional insured party and is not entitled to any form of coverage under the Policy.

    3. <u>Additional Insured Parties are Excluded from Coverage</u>

Even assuming CB Walden to be an additional insured party, it would still be excluded from coverage. Burlington and CW Walden argue that, although Jirsa is excluded from coverage pursuant to the terms of the Designated Ongoing Operations exclusion, they are not. The exclusion at issue is part of a standard insurance form, which states:

> This insurance does not apply to "bodily injury" or "property damage" arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.

9

(Docket No. 1-2 at 32.)  The "ongoing operations described in the Schedule" is tailored to each policy holder.  The ongoing operations described in the Schedule of Jirsa's Policy are:

> All operations in California, Florida, Nevada, New York, Oregon or Texas; and Residential construction operations in Arizona, Colorado, Utah or Washington.

(Id.)  Accordingly, Jirsa's policy excludes coverage for a bodily injury "arising out of [operations in New York state], regardless of whether such operations are conducted by [Jirsa] or on [Jirsa's] behalf or whether the operations are conducted for [Jirsa] or for others."  (Id.)

Burlington and CB Walden argue that the use of the terms "you" and "your" demonstrate that the exclusion does not apply to them.  They contend that, because the term "you" refers only to the named insured—Jirsa—it does not include additional insured parties.  The proposed interpretation would require this Court to ignore certain language in the provision, specifically the phrase "regardless of whether."  As the Second Circuit has warned, a "court should read the integrated contract as a whole to ensure that undue emphasis is not placed upon particular words and phrases, and to safeguard against adopting an interpretation that would render any individual provision superfluous."  Law Debenture Trust Co. of N.Y., 595 F.3d at 468 (internal quotations and citations omitted).  Because the interpretation urged by Burlington and CB Walden would "distort the meaning of [the terms used] and thereby make a new contract for the parties under the guise of interpreting the writing," this Court must reject their interpretation.  See id.

In the alternative, Burlington and CB Walden argue that the use of "you" and

"your" instead of "an insured" or "any insured" renders the applicability of the exclusion ambiguous. Law interpreting this insurance form is scarce, and none of the cases found by this Court address the specific ambiguity asserted by Burlington and CB Walden. However, several courts have found the language to be unambiguous and enforceable as against a named insured. See, e.g., W. Bend Mut. Ins. Co. v. Am. Legion, Dep't of Minnesota, No. CIV.03887(RHK/AJB), 2003 WL 22881560, at *2 (D. Minn. Dec. 1, 2003) (finding that "the policy language is clear"); Companion Prop. & Cas. Ins. Co. v. Opheim, 92 F. Supp. 3d 539, 553-54 (N.D. Tex. 2015) (enforcing exclusion with identical language and finding that the insured's "smaller premium came with the tradeoff that [the designated ongoing operations] fell outside the policy's coverage"). In West Bend, the case which most closely tracks the facts here, a named insured challenged the word "operations" as ambiguous, arguing that the exclusion should not apply where the underlying incident was allegedly caused by the actions of an independent affiliate. 2003 WL 22881560, at *2. The court held that the term was unambiguous, as was the remainder of the form: "The clause excludes coverage for [named insureds] *regardless* of whether such operations are conducted by you or on your behalf. Construed as a whole, the clause plainly excludes coverage for the activities of [the independent affiliates] without regard to whether the activity is conducted by or on the behalf of [the named insured]. The clause could not be clearer." Id. (emphasis in original, internal citations and quotations omitted).

Indeed, this Court has found only one case in which the form was found to be ambiguous. In Emanuel v. Ace Am. Ins. Co., all parties claiming coverage were named insured parties who had allegedly sold a faulty used tire at wholesale; their policy

excluded coverage for "operations that consist of retail used tires." No. CIV.A. ELH-11-875, 2011 WL 5881793, at *5 (D. Md. Nov. 23, 2011). Id. The court found the "regardless of whether" phrasing in the exclusion to be ambiguous as to whether it excluded coverage only for injury arising from actions by the named insured parties (e.g., those who had sold the tire at wholesale) or injury arising from actions by those not covered by the policy, (e.g., those who had sold the tire at retail):

> The phrase could mean . . . that it does not matter who conducts the operations. Alternatively, the phrase could mean that the designated operations include operations the insured conducts on its own behalf, operations conducted by others on behalf of the insured, and operations conducted by the insured on someone else's behalf—but not operations that are conducted neither by nor on behalf of the insured.

Id. at *16. Thus, the Court did not address whether an additional insured was entitled to coverage, only whether the exclusion was ambiguous as to coverage for the actions of a named insured. Here, all the parties agree that Jirsa, the sole named insured party, is excluded from coverage. Moreover, the the interpretation offered by the Emanuel court, as applied here, results in exclusion of both the named and additional insured parties. None of the injuries alleged in the Underlying Litigation against Jirsa or Burlington arise from "operations that are conducted neither by nor on behalf of the insured." Id.

Moreover, coverage for additional insured parties is limited to those occurrences not otherwise excluded from coverage. (Docket No. 1-2 at 58 (additional insured parties are insured "only for . . . 'Occurrences' or coverages not otherwise excluded in the policy").) Thus, because Burlington and CB Walden concede that Jirsa is not covered for the injuries alleged in the Underlying Litigation, any additional insured party is also excluded. Accordingly, this Court finds that the Designated Ongoing Operations Exclusion in the Policy also excludes coverage for the claims against Burlington and CB

Walden in the Underlying Litigation.

**B.    Duty to Defend**

Having found that the policy clearly and unambiguously excludes coverage for the injuries alleged in the Underlying Complaint, this Court must examine the broader question of whether Nautilus is obligated to provide any defendant with a defense in the Underlying Litigation.

It is well settled that an insurer's duty to defend its insureds is broader than its duty to provide coverage, and that regardless of whether it is ultimately obligated to indemnify an insured, "an insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . *a reasonable possibility* of coverage.'" BP Air Conditioning Corp. v. One Beacon Ins. Grp., 8 N.Y.3d 708, 714, 871 N.E.2d 1128 (N.Y. 2007) (emphasis added) (quoting Auto. Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137, 850 N.E.2d 1152 (N.Y. 2006)).  Thus, "[t]he duty to defend . . . is derived from the allegations of the complaint and the terms of the policy.  If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend." Technicon Elecs. Corp. v. Am. Home Assur. Co., 74 N.Y.2d 66, 73, 542 N.E.2d 1048 (N.Y. 1989).  "When an insurer seeks to disclaim coverage on the further basis of an exclusion, as it does here, the insurer will be required to 'provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation.'" Auto. Ins. Co. of Hartford, 7 N.Y.3d at 137 (quoting Allstate Ins. Co. v. Mugavero, 79 N.Y.2d 153, 159, 589 N.E.2d 365 (N.Y. 1992)).

The Underlying Complaint alleges only injuries arising from Jirsa's construction activities in New York. This Court finds that "[t]he theory of liability and the alleged instrumentality of injury are clear, and not subject to alternate interpretations," see U.S. Specialty Ins. Co., 847 F. Supp. 2d at 507, and that the allegations, "on their face, do not bring the case within the coverage of the policy." See Tartaglia v. Home Ins. Co., 240 A.D.2d 396, 397, 658 N.Y.S.2d 388 (2d Dep't 1997). Because the injuries alleged in the Underlying Complaint consist solely of "'[b]odily injury' . . . arising out of the ongoing operations" specified in the Designated Ongoing Operations Exclusion, this Court further finds that there is no "reasonable possibility" of coverage, BP Air Conditioning Corp., 8 N.Y.3d at 714, and that Nautilus has demonstrated that it is not obligated to provide any defense in the Underlying Litigation.

## V. CONCLUSION

For the foregoing reasons, Nautilus' motion for summary judgment is granted. Burlington and CB Walden's cross-motions for summary judgment are denied.

## VI. ORDERS

IT HEREBY IS ORDERED that Nautilus' Motion for Summary Judgment (Docket No. 40) is GRANTED;

FURTHER, that CB Walden and Burlington's Cross Motions for Summary Judgment (Docket Nos. 44, 46) are DENIED;

FURTHER, that Nautilus' Motion to Strike (Docket No. 47) is DENIED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 24, 2017
Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                             WILLIAM M. SKRETNY
                                            United States District Judge